**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Anthony Diaz; Luis Ramon Campas,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>　　　　Defendants. | No. CV 11-02337-PHX-FJM<br><br>**ORDER** |

We have before us defendants' motions to dismiss (docs. 12, 15, 18, 19), plaintiffs' responses (docs. 37, 38, 39, 40), errata to plaintiffs' response (doc. 41), and defendants' replies (docs. 44, 46, 47, 48).

The State of Arizona, Earl Vance Wilcox, Mary Rose Wilcox, and John Montano ("state defendants") move to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. 12). Maricopa County, Earl Vance Wilcox, and Mary Rose Wilcox ("county defendants") move to dismiss and join in the state defendants' motion and defendant Richard M. Romley's motion to dismiss. (Doc. 15). Defendants Top Rank Inc., Bruce Trampler, and Bob Arum ("Top Rank defendants") move to dismiss pursuant to Rule 12(b)(6) and join in the state defendants' motion. (Doc. 18). Romley moves to dismiss and joins in the state defendants' and county defendants' motions. (Doc. 19).

**I**

Plaintiff Luis Ramon Campas is a boxer and plaintiff Joseph Diaz is his trainer.

1  Defendant Top Rank Inc. is a boxing promotion company; Bob Arum is the founder and
2  CEO, Bruce Trampler is a matchmaker, and Peter McKinn was a promoter. At the time of
3  the alleged actions, defendant Earl Vance Wilcox was a special assistant to former governor
4  Janet Napolitano. His wife, Mary Rose Wilcox, was a member of the Maricopa County
5  Board of Supervisors and Chairwoman of the Arizona State Boxing Commission ("ASBC").
6  John Montano was an employee of the ASBC. Richard Romley was the acting Maricopa
7  County Attorney.

8  Plaintiffs claim McKinn issued them a bad check for $5,000 in May 2004. They
9  complained and allegedly began uncovering conspiracy and a pattern of fraud in the Arizona
10 "Boxing Establishment," which led to retaliation by the state and county defendants. In June
11 2005, the ASBC denied Diaz's application for a boxing trainer license. The Superior Court
12 of Arizona in Maricopa County affirmed the Commission's decision. In late 2005, Campas'
13 boxing license was revoked. It was reinstated March 6, 2006. Diaz's license was reinstated
14 April 22, 2010.

15 On November 30, 2006, plaintiffs filed a complaint in this court, alleging that various
16 private individuals and public employees conspired to deprive them of their livelihoods.
17 Diaz v. Top Rank, Inc., No. CV 06-02871-PHX-NVW (doc. 1). All of plaintiffs' claims were
18 dismissed in 2007.

19 Defendant McKinn allegedly prepared a forged receipt, which purported to show Diaz
20 had received the $5,000 owed to him. He also allegedly had defendant Gabriel Esqueda
21 swear to and sign a false affidavit stating Esqueda had paid Diaz. In July 2005, all charges
22 against McKinn relating to the bad check were dismissed. The investigation of McKinn was
23 reopened in June 2009 and he was charged with five felonies in September 2009. In 2010,
24 Romley transferred his case to Gila County, where McKinn pled guilty to three amended
25 counts. Plaintiffs claim the conspiracy among all parties continued through McKinn's
26 sentencing in May 2011.

**II**

28 Plaintiffs filed their complaint in state court on September 30, 2011. Defendants

1 removed this action on November 28, 2011. Plaintiffs claim federal jurisdiction is
2 appropriate because they bring this action pursuant to 42 U.S.C. § 1983 and the First, Fourth,
3 Fifth, and Fourteenth Amendments to the United States Constitution. Because at least one
4 plaintiff and some defendants are Arizona residents, we have subject matter jurisdiction only
5 if a claim arises under federal law. 28 U.S.C. § 1331. Plaintiffs did not move to remand, and
6 no defendant has challenged subject matter jurisdiction, but we have an independent
7 obligation to determine whether subject matter jurisdiction exists. Arbaugh v. Y&H Corp.,
8 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006).

9 Plaintiffs' 51-page shot-gun complaint contains twenty causes of action.[1] The only
10 possible bases for claims under § 1983 are the charge of conspiracy in count 8 and
11 "Conspiracy against Rights" and "Deprivation of Rights Under Color of Law" in count 15,
12 entitled "Substantive Due Process." We have jurisdiction over these claims because they
13 arguably arise under federal law, and supplemental jurisdiction over plaintiffs' remaining
14 state law claims.

**III**

16 When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., "a
17 court must construe the complaint in the light most favorable to the plaintiff and must accept
18 all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th
19 Cir. 2000). On the other hand, a court is "not bound to accept as true a legal conclusion
20 couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct.
21 1955, 1965 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944
22 (1986)). "Threadbare recitals of the elements of a cause of action, supported by mere
23 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct.
24 1937, 1949 (2009). The complaint must contain "enough facts to state a claim to relief that
25 is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial

---

[1] Plaintiffs' causes of action are numbered 1-16 and 18-21. For ease of reference, we cite to them as they are numbered in the complaint.

- 3 -

1    plausibility when the plaintiff pleads factual content that allows the court to draw the
2    reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
3    at 678, 129 S. Ct. at 1949.  Dismissal under Rule 12(b)(6) may be "based on the lack of a
4    cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
5    theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  "A claim may
6    be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of
7    limitations only when 'the running of the statute is apparent on the face of the complaint.'"
8    Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010).

## IV

Section 1983 does not contain its own statute of limitations.  Instead, federal courts borrow the forum state's personal injury statute of limitations. Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094 (2007).  "In Arizona, the courts apply a two-year statute of limitations to § 1983 claims." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). Federal law determines when a civil rights claim accrues.  "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id.

The conspiracy among defendants was allegedly undertaken "to revoke the professional licenses [and] to maliciously fail to prosecute McKinn."  (Doc. 1, ex. 1 ¶ 307). In 2005, plaintiffs' licenses were revoked and charges against McKinn were dismissed. Plaintiffs knew of these events when they occurred; therefore, their cause of action accrued in 2005.  Their claim of conspiracy in count 8 is barred by the statute of limitations. Plaintiffs' due process and deprivation of rights claims, also apparently based on the revocation of licenses, are barred by the statute of limitations as well.

## V

The state claims are subject to the discovery rule, under which "a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." Doe v. Roe, 191 Ariz. 313, 322, 955 P.2d 951, 960 (1998).  "A plaintiff need not know *all* the facts underlying a cause of action to trigger accrual." Id. at

- 4 -

323, 955 P.2d at 961. In Arizona, "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." A.R.S. § 12-821. All of plaintiffs' claims accrued more than one year before filing of the complaint. As a result, all claims against the public entities or employees are time barred.

Claims against the private defendants are time barred as well, beginning with count 1, which alleges theft. We treat this as a claim for conversion. There is a 2-year limit to bring an action for taking away the goods of another or detaining and converting the personal property of another. A.R.S. § 12-542. No facts are pled alleging the private defendants took any action to obtain services or property of plaintiffs after 2005. As a result, plaintiffs' claim is barred.

A.R.S. § 12-543(3) provides a 3-year statute of limitations for fraud. Plaintiffs' third claim alleges that all defendants were aware of false statements used in the ASBC hearings as well as in courts, and they relied upon those documents to effect dismissal in a criminal case and to justify actions by the ASBC. (Doc. 1, ex. 1 at 34). In 2005, the ASBC hearing occurred, the result was affirmed by the Superior Court, and charges were dropped against McKinn. All of these actions occurred more than three years before plaintiffs filed their complaint. The claim for fraud is dismissed.

A.R.S. § 12-541(1) contains a 1-year limitation for defamation. Count 7 does not plead the statements which allegedly defamed plaintiffs. It merely contends that defendants released false and defamatory statements to the media. Even after an exhaustive search of the lengthy complaint, we find no facts about media releases. Plaintiffs allege that defendant Montano sent letters to various state boxing commissions, but even if these letters were defamatory, they were apparently sent soon after Diaz and Campas lost their licenses in 2005. This claim is dismissed.

Under A.R.S. § 12-542, there is a 2-year statute of limitations for injuries done to the person or property of another. A.R.S. § 12-542 applies to abuse of process claims. See Hatch v. Reliance Ins. Co., 758 F.2d 409, 414-15 (9th Cir. 1985); Thompson v. Paul, 657 F. Supp. 2d 1113, 1126 n.15 (D. Ariz. 2009). This cause of action (count 11) is based on denial

- 5 -

1  of plaintiffs' licenses, which occurred in 2005. Accordingly, the claim is barred by the statute
2  of limitations.

3  Count 12, vindictive and/or selective prosecution, claims all defendants failed to
4  prosecute McKinn based on an impermissible motive, but prosecuted others similarly
5  situated. The decision "whether and when to prosecute" is part of a prosecutor's duties as
6  advocate for the State. Imbler v. Pachtman, 424 U.S. 409, 431 n.33, 96 S. Ct. 984, 995 n.33
7  (1976). In performing this function, a prosecutor has absolute immunity from a civil suit for
8  damages under § 1983. Id. at 431, 96 S. Ct. at 995. Defendant Romley is therefore immune
9  from suit for his decisions regarding McKinn's prosecution. The statute of limitations bars
10 a claim against the remaining public defendants. Any claim against private defendants fails
11 to meet the test of facial plausibility.

12 A.R.S. § 12-542(1)'s 2-year limit for "injuries done to the person of another" also
13 applies to a claim for intentional infliction of emotional distress (count 13). To survive
14 dismissal on statute of limitations grounds, this claim must be based on actions which
15 occurred after September 30, 2009. The only facts pled after this date were the transfer of
16 McKinn's case, his guilty plea, and his sentencing. Plaintiffs completely fail to show how
17 any of these events could form the basis of a claim for intentional infliction of emotional
18 distress. The claim is pled in generic terms and does nothing more than recite the elements
19 of the cause of action. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]
20 to relief' requires more than labels and conclusions, and a formulaic recitation of the elements
21 of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65.
22 Plaintiffs again fail to state a cause of action. Any amendment would be futile.

23 In order to state a claim for tortious interference with contractual relations or business
24 expectancies (count 14), the plaintiffs must show that defendants induced or otherwise
25 purposely caused a third party not to perform a contract or enter into or continue a business
26 relation. Restatement (First) of Torts § 766 (1939). A.R.S. § 12-542's 2-year statute of
27 limitations governs plaintiffs' tortious interference claim. Clark v. AiResearch
28 Manufacturing Co. of Ariz., Inc., 138 Ariz. 240, 243-44, 673 P.2d 984, 987-88 (Ct. App.

1983). Plaintiffs plead that denial of their licenses interfered with their business expectancies. Because the licenses were denied in 2005, the time to bring this claim has long since expired.

The claim for negligence, count 20, alleges "emotional and physical damages." (Doc. 1, ex. 1 ¶ 376). Once again, the 2-year statute of limitations in A.R.S. § 12-542(1) applies. Plaintiffs contend that defendants failed to properly establish policies and procedures "governing the investigation, processing, handling, and management of civil and/or criminal investigations and prosecutions in their control." (Doc. 1, ex. ¶ 375). Under this generic allegation, McKinn's second case, which continued through 2011, is the only possible ground for a negligence claim that is not time barred. As discussed above, Romley has prosecutorial immunity. Plaintiffs have not pled that any other public party was involved in McKinn's transfer or sentencing, and therefore a negligence claim is barred by A.R.S. § 12-821. Plaintiffs' claim against private defendants here lacks facial plausibility, is completely unsubstantiated by any specific factual allegations, and is therefore dismissed.

**VI**

Plaintiffs contend that the statute of limitations should be tolled because of defendants' fraudulent concealment. The doctrine of fraudulent concealment is invoked only if the plaintiff pleads and proves facts showing that defendants "affirmatively misled" them, and that plaintiffs "had neither actual nor constructive knowledge of the facts giving rise to [their] claim despite [their] diligence in trying to uncover those facts." Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc., 858 F.2d 499, 502 (9th Cir. 1988). Plaintiffs "must plead with particularity the circumstances of the concealment and the facts supporting [their] due diligence." Id. Plaintiffs could not have lacked knowledge about the forged receipt and falsified affidavit. Plaintiffs clearly knew of the facts constituting their cause of action many years ago, as evidenced by their filing of a substantially similar lawsuit in 2006. In addition, even if defendants had denied wrongdoing, a "failure to 'own up' does not constitute *active* concealment." Grimmett v. Brown, 75 F.3d 506, 515 (9th Cir. 1996). Whether or not the receipt and affidavit were forged has always been within the direct personal knowledge of

1 plaintiffs. Fraudulent concealment does not toll the statute of limitations here.

## VII

Plaintiffs allege state constitutional violations against state defendants, county defendants, and Romley in counts 5, 6, and 15. Their claims include deprivation of due process, civil rights, and equal protection, and violations of free speech and the right to privacy. Section 1983 does not protect against violations of state law or state constitutional rights. Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981). State defendants contend that Arizona has not enacted a state counterpart to § 1983 and no published case creates a damages remedy for violations of state constitutional rights. (Doc. 12 at 12). The existence of such claims is unresolved. See Howell v. Hodap, 221 Ariz. 543, 548, 212 P.3d 881, 886 (Ct. App. 2009) (whether a private right of action under Art. 2, § 8 (right to privacy) exists is an unresolved question of law). Plaintiffs fail to respond to defendants' contention that their Arizona constitutional claims are not viable. They have failed to show that their claims are based on cognizable legal theories. Therefore, we dismiss these claims.

## VIII

None of plaintiffs' other claims state a cause of action. The majority of the remaining claims allege criminal violations (count 2, perjury; count 4, forgery; count 9, criminal conspiracy; count 15, obstruction; count 18, obstructing a criminal prosecution; count 19, tampering with evidence; count 21, fraudulent scheme). There is no private cause of action for these claims.

Plaintiffs' claim for conflict of interest, count 10, purports to state a claim under a statute which does not exist. Assuming they intend to cite A.R.S. § 38-501 *et seq.*, they fail to state a claim. "[T]o violate the conflict of interest statute, a public official must have a non-speculative, non-remote pecuniary or proprietary interest in the decision at issue." Hughes v. Jorgenson, 203 Ariz. 71, 74, 50 P.3d 821, 824 (2002). No non-speculative, direct interest has been shown here.

"In Arizona, both civil conspiracy and aiding and abetting are derivative torts for which a plaintiff may recover only if it has adequately pled an independent primary tort."

- 8 -

AGA Shareholders, LLC v. CSK Auto, Inc., 589 F. Supp. 2d 1175, 1191-92 (D. Ariz. 2008). Because plaintiffs have not adequately pled an independent primary tort, counts 8 and 16 fail to state a claim for relief.

## XI

**IT IS ORDERED GRANTING** defendants' motions to dismiss (docs. 12, 15, 18, 19).

Because our analysis applies equally to defendant Gabriel Esqueda, it is further **ORDERED DISMISSING** all claims against him. The clerk shall enter final judgment.

DATED this 11th day of April, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge